IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REAUMEL L. MARSH,

           Plaintiff,

v.

DR. SHIRLEY GODIWALLA,

           Defendant.

OPINION and ORDER

24-cv-50-jdp

---

Plaintiff Reaumel L. Marsh, proceeding without counsel, alleges that defendant Dr. Shirley Godiwalla drained his abscess even though she knew that the anesthetic that she administered had yet to take effect, which caused him severe pain that she ignored. Marsh proceeds on an Eighth Amendment medical care claim.

Godiwalla moves for summary judgment. Dkt. 15. The undisputed facts show that Godiwalla provided appropriate care for Marsh's abscess, which included administering an anesthetic that she had previously used with success to drain abscesses. Even if Marsh felt pain during the procedure, there's no evidence that Godiwalla thought that was in pain. I will grant summary judgment to Godiwalla and close the case.

UNDISPUTED FACTS

I begin with a word about Marsh's summary judgment opposition. On summary judgment, this court requires the moving party, here Godiwalla, to set out a statement of proposed facts with citations to admissible supporting evidence. *See* the attachment to Dkt. 11. The party opposing the motion, here Marsh, must support each factual dispute with a citation to admissible evidence. *Id.* at 3–4. The court provides examples of admissible evidence.

*Id.* at 4–5. I will afford unrepresented parties some leeway, but all litigants must comply with the court's orders and rules. *See Allen-Noll v. Madison Area Tech. Coll.*, 969 F.3d 343, 349 (7th Cir. 2020).

Marsh purports to dispute some of Godiwalla's proposed facts, but he fails to cite admissible evidence to support his factual disputes. For instance, Marsh cites discovery requests that lack responses from Godiwalla. *See* Dkt. 21 and Dkt. 22. Marsh also cites Godiwalla's declaration, but her testimony doesn't support his version of the facts. Because Marsh failed to raise genuine factual disputes, I will accept all of Godiwalla's proposed facts as undisputed. *See id.*; *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission.").

With that background, the following facts are undisputed.

Marsh is incarcerated at Fox Lake Correctional Institution (FLCI). Godiwalla works as a physician at FLCI, and she provided the care that Marsh challenges at that prison. Godiwalla performs minor surgical procedures, including cutting and draining pus-filled infections.

In August 2023, Marsh had a lump the size of a golf ball on his left shin. Late that month, Godiwalla diagnosed Marsh with an abscess. Godiwalla had previously diagnosed and drained many abscesses.

Marsh's abscess was swollen and oozing a yellowish substance. Godiwalla discussed the risks, benefits, and alternatives to draining the abscess, and she determined that draining it was appropriate. Marsh provided informed, written consent to the procedure.

Godiwalla administered 1.5 mL of 1% lidocaine near, but not directly into, the abscess. In Godiwalla's experience, lidocaine takes effect almost immediately after injection. Patients

2

experience some sensation to the affected area even when a physician administers lidocaine, but the injection can be more painful than the procedure.

After administering lidocaine, Godiwalla cut the abscess open, causing pus to pour out. Godiwalla then broke the pockets inside the abscess to remove the pus, which was essential to reduce the risk of further infection. Once finished, Godiwalla packed the space with antiseptic gauze to promote healing and prevent infection. Godiwalla recalls that Marsh did not show any signs of pain during the procedure, and she noted that he didn't have any complications. Godiwalla prescribed Marsh ibuprofen for pain and an antibiotic. Nursing staff dressed the wound daily after the procedure.

## ANALYSIS

Marsh alleges that Godiwalla started cutting deeply into the abscess before the lidocaine had taken effect and ignored his cries of severe pain during the procedure, calling him a baby.

The Eighth Amendment prohibits prison officials from consciously disregarding the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish a medical care claim, Marsh must show that he had an objectively serious medical condition that Godiwalla consciously disregarded. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Godiwalla does not dispute that Marsh needed adequate anesthesia during the procedure.

The issue is whether Godiwalla consciously disregarded that need. Conscious disregard requires that Godiwalla is subjectively aware of that need. *See id.* at 721. That means that Godiwalla knew of facts from which the inference could be drawn that a substantial risk of serious harm existed, and she actually drew that inference. *Farmer v. Brennan*, 511 U.S. 825,

3

837 (1994). Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010).

The Eighth Amendment entitles prisoners to "adequate medical care," that is, "reasonable measures to meet a substantial risk of serious harm." *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006). The Eighth Amendment doesn't require "specific care" or "the best care possible." *Id.*; *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Disagreement between Marsh and Godiwalla about the proper course of treatment isn't enough to show conscious disregard. *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

If a medical professional has provided some care for a prisoner's condition, she consciously disregards the serious medical need only if her care is so inadequate that it demonstrates an absence of professional judgment, that is, that no minimally competent professional would have responded in that way in the circumstances. *See Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021); *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 989 (7th Cir. 1998).

The undisputed facts show that Godiwalla provided appropriate care for Marsh's abscess. Godiwalla diagnosed that condition and discussed the risks and benefits of draining the abscess with Marsh, who consented to her decision to drain it. Before draining Marsh's abscess, Godiwalla injected the area with lidocaine, which in her experience took effect almost immediately. Godiwalla performed the procedure successfully and does not recall Marsh showing any signs of pain. Even if Marsh was in pain, there's no evidence that Godiwalla thought that to be the case. Nor is there any evidence that Godiwalla called Marsh a baby and, even had she, one potentially callous statement isn't enough to show conscious disregard if a physician is treating the prisoner's medical condition. *See Ray v. Wexford Health Sources, Inc.*,

4

706 F.3d 864, 866 (7th Cir. 2013). After she finished draining the abscess, Godiwalla made efforts to promote healing and prevent infection, prescribed pain medication, and facilitated follow-up care.

Viewed as a whole, the care that Godiwalla provided for Marsh's abscess was at least reasonable. There is no evidence of a departure, let alone a substantial one, "from acceptable professional judgment." *See Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019). I will grant summary judgment to Godiwalla and close the case.

## ORDER

IT IS ORDERED that:

1. Defendant Dr. Shirley Godiwalla's motion for summary judgment, Dkt. 15, is GRANTED.

2. The clerk is directed to enter judgment and close the case.

Entered July 23, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge